UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTIVA HEALTH SERVICES, INC.,<br><br>                               Plaintiff,<br><br>v.<br><br>MISSION HEALTHCARE HOLDINGS INC., MISSION HEALTHCARE SERVICES, LLC, MISSION HEALTHCARE SERVICES, INC., and KATHRYN MOHNEY,<br><br>                               Defendants. | Case No.:  19cv812 JM(BLM)<br><br>**ORDER TO SHOW CAUSE** |

  Upon review of the Complaint, the court questions whether it has jurisdiction over this dispute.

  The Complaint asserts there is subject matter jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1 at ¶ 12.)  Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. *See* U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  The Complaint states that Plaintiff is a Delaware corporation with its principal place of business in Georgia, (Doc. No. 1 at ¶ 7); Defendant Mission Healthcare Holdings, Inc. is a California corporation with its principal place of business in California, (*id* at ¶ 8); Defendant Mission Healthcare Services, LLC is a California limited liability company with its principal place of business in California (*id* at ¶ 9); Defendant

Mission Healthcare Services is a California corporation with its principal place of business in California, (*id*. at ¶ 10); and Defendant Kathryn Mohney is a citizen of California, (*id*. at 11).  Therefore, the court has original jurisdiction "because the parties are citizens of different states and the amount in controversy exceeds $75,000."  (*Id*. at ¶ 12.)

However, Plaintiff overlooks the fact that, for diversity purposes, a limited liability company is "a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Here, the record contains no allegations or evidence identifying the citizenship of all members of the limited liability company defendant, Mission Healthcare Services, LLC, making it impossible for the Court to determine whether there is complete diversity among the parties.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** on or before *May 21, 2019*, why this matter should not dismissed for lack of subject matter jurisdiction. *See generally Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .").  Plaintiff's response should include evidence, via a declaration or otherwise, that all the partners of the limited liability companies are diverse in citizenship from Plaintiff.  Failure to timely respond to this Order will result in dismissal for lack of subject matter jurisdiction.

Defendants are permitted, but not obligated, to respond in writing, not to exceed ten pages, on or before *May 28, 2019*, with authority and evidence that it believes may assist the court in determining whether subject matter jurisdiction exists.

IT IS SO ORDERED.

Dated:  May 7, 2019

Hon. Jeffrey T. Miller
United States District Judge